**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 22, 2011

Lyle W. Cayce
Clerk

No. 10-51034
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS DAVID JACOBO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:10-CR-202-3

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Carlos David Jacobo pleaded guilty to possession with intent to distribute marijuana, and he was sentenced to 24 months of imprisonment and five years of supervised release.

Jacobo argues on appeal that the district court erred in denying his motion to suppress evidence obtained as a result of his detention and arrest after a traffic stop based on his violation of a Texas statute prohibiting driving on the shoulder of a road, with certain exceptions. He contends that the stop was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-51034

unconstitutional under *Terry v. Ohio*, 392 U.S. 1 (1968), because there was little credible evidence of the violation other than the testimony at the suppression hearing of the officer initiating the traffic stop, and he further asserts without providing any evidence or argument in support of his assertion that "even if he momentarily swerved across the line, which he denies, he by no means 'drove' on the shoulder." Jacobo also argues that the officer's additional testimony concerning marijuana seizures and the presence of illegal aliens in the area did not justify the traffic stop and that the officer intended to pull him over even before the alleged traffic violation occurred.

The district court determined that the officer's testimony that Jacobo had driven on the shoulder of the road in violation of the Texas Transportation Code was credible, and Jacobo's mere assertion without any supporting evidence that he did not in fact swerve across the line on the shoulder does not demonstrate that the district court's finding that a traffic violation occurred was not plausible in light of the record as a whole. *See United States v. Gomez*, 623 F.3d 265, 268 (5th Cir. 2010); TEX. TRANSP. CODE ANN. § 545.058(a) (Vernon 1999). The existence of a traffic violation justified the stop of Jacobo's vehicle, regardless of whether the officer had another motive for the stop. *See Whren v. United States*, 517 U.S. 806, 810, 813 (1996). Accordingly, Jacobo has not shown that the district court erred in denying his motion to suppress. *See United States v. Navarro*, 169 F.3d 228, 231 (5th Cir. 1999).

AFFIRMED.